[Sac. No. 4459. In Bank.—August 12, 1931.]

WHITE MALLARD OUTING CLUB (a Corporation), Appellant, v. RECLAMATION DISTRICT No. 1004 (a Public Corporation), Respondent.

Rich & Weis and Laurence Schillig for Appellant.

Rutledge & Rutledge for Respondent.

PRESTON, J.—The judgment appealed from must be affirmed and it is so ordered. Our reasons are to be found in the following observations:

Prior to 1917 Moulton Irrigated Lands Company and Gould Land Company, corporations, were the owners of a large area of land in Colusa County, the easterly boundary of which was Butte Creek. In said year these companies entered into an agreement with William G. Henshaw to convey to him that portion of said lands, consisting of about nine hundred acres, bounded on the north by property of the Murdock Land Company, on the east and south by the waters of Butte Creek and on the west by the Crocker levee and by a slough known as Drumheller slough, leading southeasterly from the south end of the levee to Butte Creek. This tract lay between Butte Creek and the remaining lands of the corporations.

In conveying these lands the then owners desired to retain for their remaining lands their riparian and other rights in the waters of Butte Creek, together with the privilege of conducting said waters across the lands to be conveyed and, accordingly, it was provided that they were to have the privilege of constructing and maintaining a canal, not to exceed fifty feet in width at the bottom, westerly across said lands, connecting said Butte Creek with the east side barrow pits of said Crocker levee. The agreement of sale also provided for the dredging and deepening of the barrow pits from the point where the proposed canal would cut it, southerly to the point where it connects with said Drumheller slough. The slough itself was also to be cleaned and deepened, all for the purpose of drainage into Butte Creek of surplus waters falling or used on the corporations' lands. Said corporations likewise reserved the right of private navigation up and down said slough, with the added privilege of entering upon the lands to be conveyed for improving and maintaining said diversion and drainage works.

These improvements, substantially as provided for, were constructed prior to 1918 and water was conducted through said canal to said barrow pits and there diverted and used upon the corporations' lands. But to properly use said waters it was necessary to cross the said Drumheller slough and this, of course, in view of the slope and deepening thereof, required the construction of a dam across the slough. This, too, was erected prior to 1918. Later, and in 1924, a more permanent and perhaps higher dam was installed, with a large pipe underneath to be used in operating it and

kept open or closed by respondent at its option in using the water. It is around the manipulation and use of this pipe that the controversy before us centers.

It should be further noted that in 1921 said lands were conveyed to Henshaw by a deed containing substantially the covenants of the agreement. In 1923 plaintiff succeeded to these lands. Defendant has succeeded to the rights of said corporations to the use, maintenance and control of said diversion and drainage works.

Plaintiff, complaining about the overflow of its lands, caused by manipulation of said pipe in the dam across said slough, sued for an injunction against threatened injury and for damages resulting to it from the operations during the year 1927. Defendant set up its rights under said contract and deed and claimed to have been faithfully following their provisions. Defendant was sustained by the court below with ample findings of fact, followed by a judgment from which plaintiff appeals.

As above noted, plaintiff complains only of the flooding resulting from the closing of the pipe underneath said dam. In other words, it admits a servitude upon its lands in favor of respondent, but denies the extent of the burden asserted by respondent. The essence of the complaint is found in certain paragraphs of the agreement, which may be paraphrased to read as follows: " . . . Such work to be reasonably adequate to protect the lands hereby conveyed from flood by reason of the conducting or discharge into said waterways of drainage water from the lands now owned by the corporations, or of water necessary for irrigation as contemplated by the terms hereof. . . . The rights of the corporations to use each such slough, barrow pit or canal . . . are conditioned upon the corporations, their successors or assigns . . . keeping the waterway so used clear so that the waters may freely flow therein to the end that the lands to be conveyed shall be protected from drainage or irrigation waters to the extent as herein provided. . . . " But it must be noted that by other clear provisions the right to construct and maintain the canal together with the right to make convenient, effective and beneficial use of the waters extracted from Butte Creek, is also given.

The court finds that the flooding, if any, as now practiced, is necessary to the use and enjoyment of this water

privilege. This finding must be removed for appellant to prevail. We are in no way referred to an absence of evidence to support it, however; appellant rests solely upon the interpretation of said provisions that respondent must not cause any backwater upon the land or to any extent retard the free flow of water through the various channels. This, as already stated, is not in accord with the interpretation of the covenants as a whole. When it may be said that defendant is unnecessarily flooding these lands, then plaintiff will have a cause of action in this behalf. Besides the court further finds that no greater overflow prevails than would have prevailed had the canal not been constructed or the slough deepened or obstructed by said dam, the lands in a natural state being wet during the summer months.

Under the findings there is nothing at this time of which appellant may legally complain.

Langdon, J., Curtis, J., Shenk, J., Seawell, J., and Waste, C. J., concurred.